**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
LEVI PENHASOV,

                    Plaintiff,

    - against -

CITY OF NEW YORK and POLICE OFFICER
CHRISTOP HEPWORTH,

                    Defendants.
-------------------------------------------------------------x

**MEMORANDUM AND ORDER**

**18-CV-1825 (CBA)**

**ROANNE L. MANN, CHIEF UNITED STATES MAGISTRATE JUDGE:**

        Currently pending before this Court, upon referral from the Honorable Carol B. Amon, is a motion filed by plaintiff Levi Penhasov for leave to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915.[1] See Motion for Leave to Proceed In Forma Pauperis (Mar. 26, 2018) ("Pl. IFP Motion"), Electronic Case Filing Docket Entry ("DE") #2; Order Referring Motion (Apr. 6, 2018). Notably, plaintiff -- who reportedly has minimal income and assets, see Pl. IFP Motion -- is represented by counsel and does not allege that he is required to advance the funds for any litigation expenses, including the $400 court filing fee. The Court therefore assumes that, as is typical in cases brought pursuant to 42 U.S.C. § 1983, the retainer agreement between plaintiff and his counsel provides for a contingent fee.

        Although some decisions in this Circuit have on occasion permitted represented plaintiffs to proceed *in forma pauperis* and without prepaying a filing fee, see, e.g. James v. City of New York, No. 15 Civ. 1161 (SLT)(VMS), 2015 WL 1285979 (E.D.N.Y. Mar. 20,

---

[1] Section 1915(a) of Title 28 provides that:

    Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who submits an affidavit . . . that the person is unable to pay such fees or give security therefor.

2015), such cases appear to represent a minority view in this District and the Southern District of New York, at least where the plaintiff is represented by private counsel on a contingency fee basis. See, e.g., Deliston v. Harley's Smokeshack, 16cv3628, 2016 WL 4530889, at *1 (S.D.N.Y. Aug. 16, 2016); Vargas v. CH Hospitality Mgmt., LLC, No. 14-CV-2439 (ENV)(JO), 2014 WL 2930462, at *4 (E.D.N.Y. June 27, 2014); Walker v. City of New York, No. 12-CV-840 (MKB), 2012 WL 6563044, at *1-2 (E.D.N.Y. Dec. 17, 2012). As decisions on both sides of the issue have recognized: "Filing fees are an important source of some of the funds that enable the judiciary to fulfill its constitutionally prescribed duties to all litigants and to the public." Vargas, 2014 WL 2930462, at *4; accord James, 2015 WL 1285979, at *2.[2] Moreover, in light of the fact that "indigent plaintiffs who are represented by counsel on a contingency fee basis rarely even apply for IFP status[,] 'there is little risk that denying IFP status in such a situation will deter the filing of nonfrivolous claims.'" Deliston, 2016 WL 4530889, at *1 (quoting Walker, 2012 WL 6563044, at *2).

For the foregoing reasons, the Court, in its discretion, see Deliston, 2016 WL 4530889, at *1; James, 2015 WL 1285979, at *1, declines to authorize plaintiff to proceed *in forma pauperis* and without prepaying the $400 filing fee.[3] If the Court is incorrect in assuming that plaintiff's counsel's retainer agreement provides for a contingent fee, plaintiff

---

[2] For this reason, in granting an IFP motion by a represented plaintiff, the Court in James directed the plaintiff to reimburse the $400 filing fee to the Clerk of the Court within 15 days of receipt of a settlement or award in excess of $400. See James, 2015 WL 1285979, at *3. Although the James case has settled, a review of the docket sheet reveals that the $400 fee was never paid. According to a representative of the EDNY Clerk's Office, reimbursement orders similar to that in James have often been ignored.

[3] As plaintiff has already served the defendants, see Summons Returned Executed, DE #7, #8, he apparently was not asking to have the U.S. Marshal's Service arrange for service.

may renew his motion, supported by a copy of the retainer agreement.

       **SO ORDERED.**

**Dated: Brooklyn, New York**
       **April 23, 2018**

                                /s/    *Roanne L. Mann*
                             **ROANNE L. MANN**
                             **CHIEF UNITED STATES MAGISTRATE JUDGE**