UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
LEVI PENHASOV

                              Plaintiff,

     *-against-*

POLICE OFFICER CHRISTOPHER HEPWORTH,
POLICE OFFICER VINCENT GAIQUINTO,
POLICE OFFICER MICHAEL ROMEO,
POLICE OFFICER ANDREW CAMARDA, and
SERGEANT LEE HELTON,

                              Defendants.
---------------------------------------------------------------X

Index No.: 18 CV 1825 (CBA)(RLM)

**FIRST AMENDED COMPLAINT**

Plaintiff Demands Trial by Jury

        Plaintiff, LEVI PENHASOV, by his attorney, Alexis G. Padilla, Esq., complaining of the defendants, Police Officer CHRISTOPHER HEPWORTH, Shield No.: 9285 ("P.O. HEPWORTH"), Police Officer VINCENT GAIQUINTO, Shield No.: 13765 ("P.O. GAIQUINTO"), Police Officer MICHAEL ROMEO, Shield No.: 4615 ("P.O. ROMEO"), Police Officer ANDREW CAMARDA, Shield No.: 15757 ("P.O. CAMARDA") and Sergeant LEE HELTON, Tax No.: 944642 ("SGT. HELTON") upon information and belief alleges as follows:

## PRELIMINARY STATEMENT

1.     This is a civil rights action in which the plaintiff, LEVI PENHASOV, seeks relief for the defendants' violation of his rights as secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

2.     This action is brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court

by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) in that the events giving rise to this claim occurred within the boundaries of the Eastern District of New York.

**JURY TRIAL DEMANDED**

4. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

**PARTIES**

5. Plaintiff is a United States citizen of full age residing in Kings County, New York.

6. Defendant POLICE OFFICER CHRISTOPHER HEPWORTH was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant P.O. HEPWORTH acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

7. Defendant POLICE OFFICER VINCENT GAIQUINTO was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant P.O. GAIQUINTO acted under color of the laws, statutes, ordinances, regulations, policies,

customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

8. Defendant POLICE OFFICER MICHAEL ROMEO was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant P.O. ROMEO acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

9. Defendant POLICE OFFICER ANDREW CAMARDA was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant P.O. CAMARDA acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City

of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

10. Defendant SERGEANT LEE HELTON was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant SGT. HELTON acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

**STATEMENT OF FACTS**

11. On Saturday, July 15, 2017 in Brooklyn, County of Kings, plaintiff LEVI PENHASOV was playing basketball with a group of neighborhood acquaintances when he decided to go to the Yaffa Deli and Grocery store on Avenue X between Coyle and Bragg streets to get a bottle of water.

12. Plaintiff entered the store, purchased a bottle of water and exited within moments and without incident.

13. As soon as he left the store, he saw at least four uniformed officers of the New York Police Department, including defendants P.O. HEPWORTH, P.O. GAIQUINTO, P.O.

ROMEO, and P.O. CAMARDA, standing in front of the store. Defendant P.O. HEPWORTH, approached plaintiff, grabbed his arm and immediately put him in handcuffs.

14. Plaintiff asked P.O. HEPWORTH why he was being arrested but was given no response.

15. Defendant P.O. HEPWORTH then walked plaintiff over to a police vehicle where there was an individual who plaintiff did not recognize sitting in the back seat.

16. Defendant P.O. HEPWORTH told plaintiff to stand next to the car and as he was standing there, still handcuffed, the man in the car reached out and punched plaintiff twice.

17. Defendant P.O. HEPWORTH pulled plaintiff away.

18. Plaintiff immediately complained and asked to file charges against the individual who had just struck him.

19. Defendants laughed at plaintiff and ignored his complaint.

20. One of the officers then told plaintiff that the individual in the car was accusing him of assault.

21. Plaintiff adamantly denied assaulting anyone and tried to explain that he'd been playing basketball and had just gone into the store to buy a bottle of water.

22. At that moment, several of the individuals who had been playing basketball with plaintiff approached defendants and stated that plaintiff had not been involved in any assault.

23. Additionally, the store's attendant, who witnessed the altercation between the individual in the police vehicle and a third individual who was also in custody, informed P.O. HEPWORTH and the other defendants that plaintiff had nothing to do with the incident.

24. Eventually SGT. HELTON arrived on the scene and approved the arrest of plaintiff by P.O. HEPWORTH.

25. Plaintiff was taken by P.O. HEPWORTH and P.O. GAIQUINTO to the 61st precinct of the New York Police Department, where he was processed and placed in a cell where he remained for approximately fourteen hours.

26. From there, plaintiff was transferred to Central Booking in Brooklyn, where he remained for another ten hours, approximately.

27. From the point that defendants became aware of numerous unrelated witnesses offering information that tended to exculpate plaintiff onward defendants P.O. GAIQUINTO, P.O. ROMEO, P.O. CAMARDA and SGT. HELTON had a continuous opportunity to intervene and put a stop to the illegal arrest of plaintiff but failed to act.

28. After being transferred to Central Booking plaintiff was eventually told that the charges against him had been "dropped" and that he was free to go.

29. Plaintiff never went before a Judge regarding this matter and was never contacted concerning his complaint that he had been assaulted by the individual in the police vehicle.

30. At no time during this incident did plaintiff commit any act for which he could be arrested.

31. As a result of this incident, plaintiff suffered a period of false imprisonment lasting approximately twenty-four hours.

## AS FOR A FIRST CAUSE OF ACTION

*False arrest as against defendant Police Officer Christop Hepworth in violation of the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983*

32. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

33. At all times during the events described above defendant P.O. HEPWORTH lacked probable cause to arrest plaintiff.

34. All of the aforementioned acts of defendant P.O. HEPWORTH were carried out under the color of state law.

35. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

36. The acts complained of were carried out by P.O. HEPWORTH in his capacity as a police officer, with all actual and/or apparent authority afforded thereto.

37. The acts complained of deprived plaintiff of his right to be free from false arrest and resulted in a period of false imprisonment lasting approximately twenty-four hours.

## AS FOR A SECOND CAUSE OF ACTION

*Failure to Intervene in violation of 42 U.S.C. § 1983 as against defendants P.O. HEPWORTH, P.O. GAIQUINTO, P.O. ROMEO, P.O. CARMARDA and SGT. HELTON*

38. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

39. At all times during the events described above the defendants had an affirmative duty to intervene and put a stop to the unconstitutional conduct of P.O. HEPWORTH.

40. Over the course of plaintiff's arrest, defendants P.O. GAIQUINTO, P.O. ROMEO, P.O. CAMARDA and SGT. HELTON each had opportunities to intervene and put a stop to the illegal arrest of plaintiff but failed to act.

41. As a proximate result of defendants' combined failure to intervene plaintiff suffered a period of false imprisonment lasting approximately 24 hours.

**WHEREFORE,** plaintiff demands relief jointly and severally against all of the defendants for compensatory damages in an amount to be determined by a jury; punitive damages in an

amount to be determined by a jury; costs, interest and attorney's fees, and such other and further relief as this Court may deem just and proper.

Dated: February 12, 2019
        Brooklyn, NY

By:     */s/Alexis G. Padilla*
       Alexis G. Padilla, Esq. [AP8285]
       *Attorney for Plaintiff*
       *Levi Penhasov*
       575 Decatur Street #3
       Brooklyn, NY 11233
       (917) 238-2993
       alexpadilla722@gmail.com