```
                                                                    1

 1   UNITED STATES DISTRICT COURT
     EASTERN DISTRICT OF NEW YORK
 2   ---------------------------------x
                                            18-CV-1825(CBA)
 3   LEVI PENHASOV,
                                            United States Courthouse
 4            Plaintiff,                    Brooklyn, New York

 5            -against-                     February 7, 2019
                                            3:00 p.m.
 6   CITY OF NEW YORK,

 7            Defendants.

 8   ---------------------------------x

 9
              TRANSCRIPT OF CIVIL CAUSE FOR ORAL ARGUMENT
10                BEFORE THE HONORABLE CAROL B. AMON
                     UNITED STATES DISTRICT JUDGE
11


12
     APPEARANCES
13
     Attorney for Plaintiff:   LAW OFFICE OF ALEXIS G. PADILLA
14                             575 Decatur Street #3
                               Brooklyn, New York 11233
15                             BY: DAVID A. ZELMAN, ESQ., of Counsel

16
     Attorney for Defendants:  NEW YORK CITY LAW DEPARTMENT
17                             OFFICE OF CORPORATION COUNSEL
                               100 Church Street
18                             New York, New York 10007
                               BY:  ELIZABETH C. CONNELLY, ESQ.
19


20

21   Court Reporter:           Georgette K. Betts, RPR, FCRR, CCR
                               Phone:  (718)804-2777
22                             Fax:    (718)804-2795
                               Email:  Georgetteb25@gmail.com
23


24

25   Proceedings recorded by mechanical stenography.  Transcript
     produced by computer-aided transcription.
```

*GEORGETTE K. BETTS, RPR, FCRR, CCR*
*Official Court Reporter*

1          THE LAW CLERK:  Civil cause for oral argument.
2    Penhasov V. City of New York.  18-CV-1825.
3          THE COURT:  Would the parties state their
4    appearances please, first for plaintiff.
5          MR. ZELMAN:  Yes, Your Honor, good afternoon.  My
6    name is David Zelman I'm of counsel to Alex Padilla who was
7    feeling ill today and he asked me to step in.  I'm also
8    familiar with the case.
9          THE COURT:  Okay.  Are you on ECF as attorney?
10         MR. ZELMAN:  He called me this morning, said he
11   wasn't feeling well.  I didn't yet file anything on ECF.  He
12   just asked me to step in on oral argument.  It's the funniest
13   thing, I actually referred this case to Mr. Padilla and this
14   was actually my client before it was Mr. Padilla's client, so
15   I'm very familiar with the facts of case.
16         THE COURT:  But it's not your client now?
17         MR. ZELMAN:  It's not my client now, it's
18   Mr. Padilla's client right now.
19         THE COURT:  How can you argue a case if it's not
20   your client?
21         MR. ZELMAN:  He said he was ill, he wasn't feeling
22   well, he knew I was familiar with the case so he asked me to
23   step in.  I'd be happy to file something on ECF tonight, if
24   that's of concern, but I just didn't have time to do it from
25   the time that he called me this morning to argue the case

1  until now.

2        THE COURT:  Are you going to enter a notice of
3  appearance on behalf of the plaintiff or not?

4        MR. ZELMAN:  I certainly can, Your Honor.  I
5  certainly can do that today.

6        THE COURT:  Have you talked to the plaintiff?

7        MR. ZELMAN:  Yes, the plaintiff knows me well.

8        THE COURT:  And you have his permission to argue
9  this motion?

10        MR. ZELMAN:  Yes, Your Honor.

11        THE COURT:  All right.  I'll hear you but that
12  better be filed today because it's very procedurally unusual
13  to have someone come in and argue a case when they are not
14  counsel of record.

15        MR. ZELMAN:  Understood.  I just wish I had time to
16  file it before I came.

17        THE COURT:  All right.

18        Ms. Connelly, this is your motion, you want to be
19  heard?  You all can be seated.

20        This is a motion to dismiss, correct?

21        MS. CONNELLY:  Correct.

22        THE COURT:  Why do you think that you're entitled to
23  have the case dismissed?

24        MS. CONNELLY:  The facts that are not in dispute,
25  Your Honor, are that there was a complaining victim who

1    identified the plaintiff in a show-up and said that it was the
2    gentleman who robbed and assaulted him.  Plaintiff
3    acknowledges as much in his complaint as well as his response
4    to my motion to dismiss.  Therefore, I believe that the
5    officers had probable cause to arrest him.
6            THE COURT:  On the face of the complaint you believe
7    they had probable cause?  Because I can't consider all of
8    these other reports and all that you put in.
9            Are you saying that they had probable cause on the
10   face of the complaint?
11           MS. CONNELLY:  Yes, Your Honor.  If you look at the
12   facts of the complaint, they acknowledge that the complaining
13   victim accused the plaintiff of robbery and assault and that
14   also that he was brought over to the car where he identified
15   him as the person who robbed and assaulted him.
16           THE COURT:  So paragraph 17 said, the plaintiff told
17   the individual -- the officers told the plaintiff that the
18   individual in the car was accusing him of assault.  But this
19   is the case where you had a lot of contradictory information,
20   according to the complaint, including a witness who had
21   nothing to do with the plaintiff, who told him that the
22   plaintiff didn't have anything to do with the incident, so why
23   doesn't that give -- why doesn't that give you a problem for
24   seeking to dismiss it on the face of the complaint?
25           MS. CONNELLY:  Plaintiff does cite to the

1  co-arrestee as well as some friends who were playing
2  basketball with him who he's claiming told the police that he
3  was not involved in the assault, however, the case law is in
4  favor of the complaining victim when they make a
5  contemporaneous account.  In addition, there is plenty of law
6  that says that the officers don't have to do a full
7  investigation at the time, they're not to act as prosecutor,
8  judge or jury and they can go with the complaining victim's
9  version of events.
10             THE COURT:  Well, it says a police officer has
11 probable cause if he receives information from the victim
12 unless the circumstance has raised doubt as to the person's
13 veracity.
14             MS. CONNELLY:  The only fact in the complaint that
15 raises a doubt as to the complaining victim's veracity is that
16 he's saying that he got into a physical altercation with the
17 CV in the car; however, that does not bring up any sort of
18 fact that this complaining victim wasn't credible.
19             THE COURT:  Well, there were a number of other
20 people in addition to the plaintiff who said that this fellow
21 didn't have anything to do with it, correct?
22             MS. CONNELLY:  Yes, plaintiff does cite to his
23 basketball friends as well as the co-arrestee.
24             MR. ZELMAN:  Also the store owner too.
25             THE COURT:  You will have time to talk.

1          But you had information from a bystander with no
2  apparent motive to falsify that it didn't happen.
3          MS. CONNELLY:  Yes.  There was a store attendant as
4  well; however, the case law again says that they do not have
5  to make an inquiry when a reasonable person would have done so
6  for probable cause.  That again is something that --
7          THE COURT:  But can't probable cause be defeated if
8  an officer disregards facts known to him which establish a
9  justification?
10          MS. CONNELLY:  That is correct, Your Honor.
11          THE COURT:  Well, why isn't this all bound up in
12  precisely what happened here?  Why is it subject to dismissal
13  on the face of the complaint?
14          MS. CONNELLY:  I think that the facts in the
15  complaint are strong enough on complaining victim case law
16  that the officer had probable cause to arrest and even if
17  there was not probable cause to arrest, at minimum there is
18  qualified immunity that it was objectively reasonable for the
19  officer to believe that his actions were lawful.
20          THE COURT:  Let me ask you, counsel, why isn't this
21  a circumstance for the application of qualified immunity?
22          MR. ZELMAN:  Yes, Your Honor.  Your Honor, for the
23  same reasons that the motion should be denied, the motion for
24  qualified immunity also is should be denied.  There are
25  multiple issues of fact in this case which is not unusual in a

1  false arrest scenario where the probable cause at issue, when
2  probable cause encompasses all the facts and circumstances
3  available at the time of arrest.  There are many facts and
4  circumstances that are not set forth in the complaint about
5  how this arrest happened and, therefore, for the same reasons
6  that the motion to dismiss should be denied, the motion for --
7  on qualified immunity should be denied because we don't know
8  what the facts and circumstances were that were confronting
9  the officer.  I can go into all those details if you'd like,
10 but they don't necessarily appear on the face of the complaint
11 but they are in some of the documentation that we did rely
12 upon, for example, the declination of prosecution in the case
13 which we set forth before Your Honor, which demonstrates some
14 of the reasons why, when the prosecutor finally got this case,
15 they declined to prosecute.  Now, defense counsel correctly
16 points out the fact that the case was declined to prosecute
17 doesn't necessarily impact the probable cause, but the
18 analysis that the prosecutor used to dismiss the case it
19 should be relevant to our analysis of whether the probable
20 cause existed.
21         There's one other point I'd like to bring out and it
22 impacts both the underlying motion and the qualified immunity
23 motion, which is that, if circumstances come to light after an
24 arrest, even if probable cause existed, the officer has an
25 obligation to void an arrest if they receive information after

1    the arrest that indicates that the person is not guilty of the
2    crime and that probable cause is dissipating.  That's under
3    the Lawith case.
4              THE COURT:  What are they supposed to do?
5              MR. ZELMAN:  When an officer --
6              THE COURT:  You know that's not alleged here.
7              MR. ZELMAN:  No, it's not specifically alleged, but
8    I think it is relevant to the case because there's many things
9    that this quote/unquote complaining witness did when got to
10   the precinct that eviscerated probable cause.  For example, he
11   told the officers that he was there to buy drugs.  He also --
12             THE COURT:  None of this is in the record.
13             MR. ZELMAN:  No, it's not complaint that's what I
14   said, it's not in the complaint.  There's many, many facts and
15   circumstances that are not touched upon and I think that this
16   motion is better brought at the summary judgment stage when
17   all of these facts are brought to light.
18             THE COURT:  Yes, this is an unusual case.  There was
19   a victim but I think that there was a questionable credibility
20   on the face of the complaint in multiple disinterested
21   witnesses attesting to his innocence.  So I think that on the
22   face of the complaint the case can't be dismissed.  Because
23   one could argue in that scenario that the officer lacked
24   knowledge or reasonably trustworthy information sufficient to
25   warrant a belief that an offense had been committed by the

1  person to be arrested.  And I think at this stage of the game,
2  those same allegations suggest that it would be clear to a
3  reasonable officer that his conduct was unlawful, at least on
4  the face of the complaint.  It may well be that facts develop
5  in discovery here that would entitle on summary judgment the
6  officer to have established probable cause -- because the
7  facts are unclear I know the qualified immunity is supposed to
8  be decided at the closest possible juncture, but on this
9  record I don't think the Court can make a determination now
10 that the officer was entitled to qualified immunity.  Perhaps
11 that -- can make that determination after discovery but the
12 facts are just not clear enough to make that determination
13 now.
14             You'll agree there's no *Monell* claim pled?
15             MR. ZELMAN:  We did plead it, Your Honor, but it
16 wasn't defended in the case -- it wasn't defended in the
17 motion.
18             THE COURT:  The *Monell* claim is dismissed.
19             Is there anything further that we need to address?
20             MR. ZELMAN:  Judge, the plaintiff would ask for a
21 short period to consider an amendment to the complaint.
22             THE COURT:  What do you want to add to the
23 complaint?
24             MR. ZELMAN:  I would consider adding additional
25 causes of action under failure to intervene and failure to

1  protect, based upon the fact that the plaintiff was put in a
2  situation where --
3            THE COURT:  Are you adding other plaintiffs?
4            MR. ZELMAN:  No, no other plaintiff.
5            THE COURT:  I thought the plaintiff was the
6  arresting officer.
7            MR. ZELMAN:  The plaintiff?
8            THE COURT:  I'm sorry, excuse me, I'm sorry, I meant
9  to say -- I misspoke, excuse me.
10           MR. ZELMAN:  The defendant.
11           THE COURT:  Are you adding other defendants, is what
12 I meant to say.
13           MR. ZELMAN:  I would like to consider that and I can
14 put a deadline of three weeks on this, if we're going to do
15 that that would be a plenty of time to consider additional
16 causes of action and additional defendants.  It may not come
17 to fruition, but we'd like that opportunity.
18           THE COURT:  What additional causes of action?
19           MR. ZELMAN:  Failure to protect, failure to
20 intervene.
21           THE COURT:  Failure to protect?
22           MR. ZELMAN:  Right.  So what happened here is they
23 put the --
24           THE COURT:  What is failure to protect?  I know what
25 failure to intervene is, what is failure to protect?

1            MR. ZELMAN:  They put the plaintiff in a situation
2  where he could be assaulted by the -- they put the plaintiff
3  in the position where he could be assaulted by the complaining
4  witness and he was assaulted and that's not standard police
5  conduct.
6            THE COURT:  What kind of cause of action is failure
7  to protect?  I've never heard of it.
8            MR. ZELMAN:  There is a failure to protect cause of
9  action that's recognizable under Section 1983.  It usually
10 comes up in the prisoner context when someone, for example, is
11 put -- a gang member is put into another gang member's cell
12 and there is a quote/unquote duty to protect someone from an
13 imminent assault.  But failure to intervene and failure to
14 protect are related causes of action, but I've seen them --
15           THE COURT:  All right.  You've got three weeks to
16 file an amended complaint.
17           MR. ZELMAN:  Thank you, Your Honor.
18           THE COURT:  If it's not filed within three weeks
19 then you've waived adding these additional charges.  So three
20 weeks from today.  Today is the 7th, right?
21           MR. ZELMAN:  Yes, Your Honor.
22           THE COURT:  One, two, three, that would be
23 February 28th.
24           MR. ZELMAN:  That's fine.  Thank you very much.
25           THE COURT:  Is there anything further for me to

1  sign?

2         MR. ZELMAN:  No, Your Honor.

3         MS. CONNELLY:  No, Your Honor.

4         THE COURT:  Thank you.

5         (Matter concluded.)

6

7                 *   *   *   *   *

8

9  I certify that the foregoing is a correct transcript from the
   record of proceedings in the above-entitled matter.
10

11 s/ Georgette K. Betts              February 15, 2019

12 GEORGETTE K. BETTS                 DATE

13

14

15

16

17

18

19

20

21

22

23

24

25

*GEORGETTE K. BETTS, RPR, FCRR, CCR*
*Official Court Reporter*